**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MARCUS HOPER, SR.,**

**Plaintiff,**

**v.**                                                             **Case No: 6:26-cv-241-CEM-DCI**

**RICK SCOTT, et. al.,**

**Defendants.**

---

### REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated his case in state court against Defendants related to the alleged unlawful seizure of unemployment benefits.  Doc. 1-1.  Plaintiff removed the action to this Court and claims that he will promptly file a copy of the Notice of Removal with the clerk of court where the case originated.  Doc. 1.  Pending before the undersigned is Defendants' Motion to Remand the action back to state court because of improper removal.  Doc. 13 (the Motion).

Plaintiff has not responded to the Motion, and the time for doing so has elapsed.  Accordingly, the undersigned deems the request for the remand to be unopposed.  *See* Local Rule 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Further, the undersigned finds that remand is appropriate.  Defendants argue that Plaintiff failed to effect removal by filing a copy of the notice of removal with the state clerk and Defendants did not consent to removal as 28 U.S.C. § 1446(b)(2)(A) requires.  Doc. 13.  Defendants contend that only a defendant or defendants may remove a case to federal court; Plaintiff improperly acted as the removing party, and for this reason alone relief is warranted.  *Id*. at 3.

The undersigned agrees with Defendant that Plaintiff's removal is grounds for remand. "[A]ny civil action brought in a State court of which the district courts of the United States have

original jurisdiction, may be removed by the **defendant** or the **defendants,** to the district court of the United States for the district and division embracing the place where action is pending." 28 U.S.C. § 1441(a) (emphasis added); *see also* § 1443 ("Any of the following civil actions . . . commenced in a State court may be removed **by the defendant** . . .." (emphasis added); *Rigaud v. Broward Gen. Med. Ctr.*, 346 F. App'x 453, 454 (11th Cir. 2009) (affirming a district court's *sua sponte* dismissal of the case because it "was required to dismiss [the] action" where it was the plaintiff who removed the case from state court). "The right to remove a case to federal court is 'purely statutory and therefore its scope and the terms of its availability are entirely dependent' on the terms set out by Congress in the federal removal statute." *James v. Freedom Mortg. Corp.*, 2024 WL 1509682, at *3 (11th Cir. Apr. 8, 2024) (quoting *Global Satellite Commc'ns Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004)). "'[B]ecause removal jurisdiction raises significant federalism concerns,' the removal statute is construed strictly.'" *Id.* (quoting *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012)).[1]  Since Plaintiff was not a defendant in the underlying state action, his removal of his own case was not proper.

Based on the foregoing, it is **RECOMMENDED** that the Court **GRANT** Defendants' Motion to Remand (Doc. 13) and remand the action to the state court.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure

---

[1] Notably, Plaintiff recently removed another state case, and a court in this District found that the removal was improper as Plaintiff may not remove his own action to federal court. *Hoper v. Erlenbach, et. al.*, Case No. 6:26-cv-229-JSS-DCI at Doc. 16 (M.D. Fla. Mar. 17, 2026). The court directed the Clerk to remand the action to the state court and close the file. *Id.*

to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

      **Recommended** in Orlando, Florida on March 25, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -